ALLENDALE LEASING, INC., et al.,
Plaintiffs, Appellants,

v.

Walter STONE, etc., et al.,
Defendants, Appellees.

No. 85–1692.

United States Court of Appeals,
First Circuit.

Argued March 6, 1986.

Decided May 1, 1986.

Robert B. Mann with whom Robert B. Mann Law Office was on brief, for plaintiffs, appellants.

David D. Prior, Sp. Asst. Atty. Gen., with whom Arlene Violet, Atty. Gen., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and MALETZ,* Senior Judge.

PER CURIAM.

Appellants, parties affected by a Rhode Island statute that regulates the game of Bingo, appeal from entry of summary judgment in a civil rights action, 42 U.S.C. § 1983 (1982), in which they sought to establish that provisions of the Bingo law and of regulations promulgated thereunder violated certain federal constitutional rights. Appellants contended, among other things, that the game of Bingo, when once permitted by a state as a means of fund-raising for charities, was entitled to first amendment protection, under the rationale of *Secretary of State v. Joseph H. Munson Co.*, 467 U.S. 947, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984), and *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980). Appellants also contended, in pendent state claims, that certain of the statutory and regulatory provisions violated state anti-delegation doctrine and were *ultra vires*.

The court finds appellants' constitutional claims to be without merit for substantially the reasons set forth in the thorough and well-considered opinion of the district court, 614 F.Supp. 1440 (D.R.I.1985). The district court held the pendent state claims barred by the eleventh amendment, inasmuch as the State of Rhode Island had not waived its sovereign immunity as to claims not sounding in tort. We need not reach the issue of waiver, however, since the district court would have been well within its discretion to dismiss the pendent state claims, given that all of the federal claims were properly dismissed prior to trial. *See Daley v. Town of New Durham*, 733 F.2d 4, 8 (1st Cir.1984); *accord United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Thompson v. Sanborn*, 568 F.Supp. 385, 391–92 (D.N.H.1983); *see generally Massachusetts Universalist Convention v. Hildreth & Rogers Co.*, 183 F.2d 497, 501 (1st Cir.1950); *Strachman v. Palmer*, 177 F.2d 427, 431–33 (1st Cir.1949) (Magruder, C.J., concurring).

Accordingly, the judgment of the district court is *affirmed.*