Roy CHAUVIN

v.

STATE OF LOUISIANA AND the DE-PARTMENT OF WILDLIFE AND FISHERIES an Agency and/or a Political Subdivision of the State of Louisiana.

Civil Action No. 96–831.

United States District Court, E.D. Louisiana.

Sept. 9, 1996.

---

John D. Schoonenberg, Houma, LA, for plaintiff.

W. Brian Babin, Baton Rouge, LA, for defendant.

## ORDER AND REASONS

BERRIGAN, District Judge.

Plaintiff Roy Chauvin has brought suit against the State of Louisiana through the Department of Wildlife and Fisheries alleging that defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay him for overtime hours he has worked.

Defendant moves to dismiss plaintiff's case based upon the Court's lack of subject matter jurisdiction, citing the Supreme Court's recent decision in *Seminole Tribe of Florida v. Florida,* —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). Defendant argues that Congress did not act pursuant to a valid exercise of power in passing the FLSA.[1] Plaintiff opposes the motion based upon two grounds. Plaintiff first argues that the *Seminole Tribe* decision does not apply to Congressional action regarding the FLSA. Plaintiff alternatively argues that Congressional abrogation of state sovereign immunity under the FLSA was valid under the Fourteenth Amendment.

The defendant rightfully holds forth the Supreme Court's ruling in *Seminole Tribe* as stripping this Court of subject matter jurisdiction over the state's alleged violation of the FLSA wage provisions. *See also Adams v. Kansas,* 934 F.Supp. 371 (D.Kan.1996); *Mills v. Maine,* 1996 WL 400510 (D.Me. 1996); *Close v. New York,* 1996 WL 481550 (N.D.N.Y.1996). Accordingly, defendant's motion to dismiss is GRANTED.

### Discussion

In *Seminole Tribe,* the Supreme Court ruled that Congress had no power to abrogate states' Eleventh Amendment immunity when it passed the Indian Gaming Regulatory Act pursuant to the Indian Commerce Clause. *Seminole Tribe,* —— U.S. at —— ——, 116 S.Ct. at 1131–32. Plaintiff contends that *Seminole Tribe* is limited to the specific issue of Congressional authority to abrogate a state's Eleventh Amendment im-

---

1. The FLSA provides that actions "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

munity under the Indian Commerce Clause and not the Interstate Commerce Clause.

Unfortunately for the plaintiff, the reach of *Seminole Tribe* covers this case. Prior to *Seminole Tribe,* the Supreme Court had found Congressional authority to abrogate state sovereign immunity under only two constitutional provisions—the Fourteenth Amendment, as set out in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), and the Interstate Commerce Clause, as set out in the short-lived *Pennsylvania v. Union Gas Company,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989). The Supreme Court expressly overturned *Union Gas* in *Seminole Tribe,* and thereby expressly rejected the notion that Congress could abrogate states' Eleventh Amendment immunity by legislating pursuant to Article I powers, such as the Interstate Commerce Clause. As the majority stated, "The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limits placed upon federal jurisdiction." *Seminole Tribe,* —— U.S. at —— ——, 116 S.Ct. at 1131–32. Accordingly, Congress may not use its powers under Article I—including the power to regulate interstate commerce—to abrogate state sovereign immunity.

Plaintiff's attempt to distinguish *Seminole Tribe* based upon the difference between the Interstate Commerce Clause and the Indian Commerce Clause further fails based upon the Supreme Court's reasoning. The Supreme Court recognized in *Seminole Tribe* that the Indian Commerce Clause involves a more extensive transfer of power to Congress than the Interstate Commerce Clause, though the two are similar. *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1126. The Supreme Court had to first decide that the power to abrogate does not exist in the Interstate Commerce Clause—a lesser transfer of power from the states to the federal government—before the Court could go on to hold that the power of abrogation did not exist under the Indian Commerce Clause. *Accord Close v. New York,* 1996 WL 481550 (N.D.N.Y.1996).

Failing under the Commerce Clause, the plaintiff alternatively argues that jurisdiction remains based upon the surviving ground for Congressional abrogation—legislation pursuant to the Fourteenth Amendment. To abrogate state immunity, Congress must both unequivocally express its intent to abrogate the immunity and exercise that prerogative pursuant to a valid power. *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985). Congress expressly intended to abrogate Eleventh Amendment immunity in enacting the FLSA. *See* 29 U.S.C. § 216(b) (actions "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction"). Congress has the authority to abrogate state immunity when it acts pursuant to section 5 of the Fourteenth Amendment to enforce the rights under that Amendment. *E.g., Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). However, Congress clearly acted pursuant to the Interstate Commerce Clause when it passed the FLSA: "It is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations. . . ." 29 U.S.C. § 202(b).

Plaintiff points out two cases in which district courts have found equal pay provisions of the FLSA valid exercises of Congressional power under section 5 of the Fourteenth Amendment: *Brown v. County of Santa Barbara,* 427 F.Supp. 112 (C.D.Cal.1977) and *Usery v. Edward J. Meyer Memorial Hospital,* 428 F.Supp. 1368 (W.D.N.Y.1977). However, both these cases deal with the enforcement of nondiscrimination in pay relative to the Tenth Amendment, not the wage issues involved in this case. In fact, while the district court in *Brown* found that the Equal Pay Act clearly fell in the ambit of the Fourteenth Amendment, it distinguished minimum wage and maximum hour provisions as having no Fourteenth Amendment basis. *Brown,* 427 F.Supp. at 113. Thus, the Court fails to find any Fourteenth Amendment basis for the overtime pay rights plaintiff seeks under the FLSA. *Cf. Mills v. Maine,* 1996 WL 400510 (D.Me.1996) (finding plaintiffs' arguments that jurisdiction under the FLSA

**570**

could be sustained under the Fourteenth Amendment "wholly unpersuasive").

Plaintiff goes on to contend that he holds a property interest in his wages protected by the Fourteenth Amendment, citing *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). The Court finds this issue unavailing. *Perry* and *Loudermill* involved the issue of the right to due process before deprivation of the plaintiffs' property interest in their job by the state. Plaintiff's suit makes no Fourteenth Amendment claim—he is not alleging deprivation of due process, but simply seeking the right to overtime wages under the FLSA. Furthermore, any property interest plaintiff might have alleged vested under FLSA's wage rules has evaporated with *Seminole Tribe.*

Because the FLSA was enacted pursuant to the Interstate Commerce Clause and because *Seminole Tribe* determined that Congress does not have authority under the Interstate Commerce Clause to abrogate a state's Eleventh Amendment immunity, this Court no longer has federal jurisdiction over the state's alleged violation of the FLSA wage provisions.

Accordingly,

IT IS ORDERED that the motion to dismiss is hereby GRANTED. Judgment shall be entered consistent with this Order and Reasons, and each party shall bear its own costs. The Clerk of the Court is directed to please certify the question of the constitutionality of 29 U.S.C. § 216(b) to the U.S. Attorney General pursuant to 28 U.S.C.A. § 2403.