**Michael L. REHBERG, and all other similarly situated employees, Plaintiffs,**

v.

**DEPARTMENT OF PUBLIC SAFETY and the State of Iowa, Defendants.**

Civil No. 4-96-CV-20038.

United States District Court, S.D. Iowa, Central Division.

Nov. 12, 1996.

Charles E. Gribble, Patricia M. Hulting, Des Moines, IA, for Plaintiffs.

Jeffrey Farrell, Houston, TX, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

BREMER, United States Magistrate Judge.

The Court has before it Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). This case was filed by employees of the Iowa Department of Public Safety. Plaintiffs seek overtime compensation and interest they allege is owed to them pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201–219 (1995).

Defendants claim this Court does not have subject matter jurisdiction over the FLSA action against the state, where the state has not consented to suit in this forum. Accordingly, Defendants seek dismissal. The parties consented to proceed before a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiffs resist Defendants' motion. The parties filed briefs, and this matter is fully submitted.

## I. APPLICABLE LAW AND DISCUSSION

The Eleventh Amendment denies federal courts jurisdiction over suits brought by individuals against unconsenting states. *Semi-* *nole Tribe of Florida v. Florida,* ——·U.S. ——, ——, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996) (citing *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890)). Iowa has not consented to suit in this case.

■ The Interstate Commerce Clause does not grant Congress the power to abrogate the states' sovereign immunity from suit in federal court. *Seminole,* —— U.S. at ——, ——, 116 S.Ct. at 1125, 1128 (overruling *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989)); *see, Chauvin v. State of La. & Dep't of Wildlife,* 937 F.Supp. 567, 569 (E.D.La.1996); *Raper v. Iowa,* 940 F.Supp. 1421, 1424–25 (S.D.Iowa 1996), *appeal docketed,* No. 96–2895SIDM (8th Cir. July 2, 1996); *Adams v. Kansas,* 934 F.Supp. 371, 372 (D.Kan.1996); *Blow v. Kansas,* 929 F.Supp. 1400, 1402 (D.Kan. 1996).

■ Congress passed the FLSA pursuant to the Interstate Commerce Clause. *Chauvin,* 937 F.Supp. at 569; *Raper,* 940 F.Supp. at 1424–25, n. 6; *Adams,* 934 F.Supp. at 372; *Blow,* 929 F.Supp. at 1402; *see* 29 U.S.C. § 202(b) (stating policy underlying FLSA is based on Congress' power to regulate commerce). Applying *Seminole* to suits brought pursuant to the FLSA, federal courts have held there can be no cause of action against a state under the FLSA. *Blow,* 929 F.Supp. at 1402; *Adams,* 934 F.Supp. at 372. Federal courts have no subject matter jurisdiction over causes of action under the FLSA against a state or any of its agencies. *Chauvin,* 937 F.Supp. at 570; *Raper,* 940 F.Supp. at 1427; *Adams,* 934 F.Supp. at 373; *Blow,* 929 F.Supp. at 1401.

Plaintiffs claim that under the plain language of the Eleventh Amendment, citizens of a state are not prohibited from suing their own state, they are prohibited only from suing other states. Although the amendment's text discusses only suits against a state by persons who are not citizens of that state, the Supreme Court has interpreted the Eleventh Amendment to include suits by all persons against a state in federal court. *Port Authority Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872,

109 L.Ed.2d 264 (1990); *Hans,* 134 U.S. at 10–11, 10 S.Ct. at 505–06 (holding language of the Eleventh Amendment was broader than literal statement and included prohibition of suits against states by citizens of same state); *Adams,* 934 F.Supp. at 372.

Plaintiffs next argue that a rule denying state employees the opportunity to sue their employer in federal court under the FLSA denies their right to equal protection under the Fourteenth Amendment by treating state employees differently than private employees.

■ Congress may pass a statute abrogating states' immunity from suit guaranteed by the Eleventh Amendment, but only if Congress passes the act pursuant to the enforcement clause, Section 5, of the Fourteenth Amendment. *Seminole,* —— U.S. at ——, 116 S.Ct. at 1125 (holding Section 5 is the only provision of the Constitution granting Congress such authority). For Plaintiffs to succeed with their argument, therefore, they must establish that Congress passed the FLSA pursuant to Section 5 of the Fourteenth Amendment. Plaintiffs cited no case law or other authority in support of their argument.

This Court finds persuasive the court's reasoning in *Wilson–Jones v. Caviness,* 99 F.3d 203 (6th Cir.1996). The *Wilson–Jones* court determined the FLSA did not pass the test set forth in *Katzenbach v. Morgan,* 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966), for analyzing whether a statute was enacted under Section 5. *Wilson–Jones,* 99 F.3d at 207–10 (stating no sufficiently strong logical connection existed between FLSA's aim—to increase wages and shorten work hours of certain employees—and Fourteenth Amendment concerns over discrimination on basis of race and gender).

"We think it best to 'regard as an enactment to enforce' the Equal Protection Clause, in the absence of explicit comment by Congress, only efforts to remedy discrimination against a class of persons that Fourteenth Amendment jurisprudence has already identified as deserving special protection." *Id.* The FLSA is not within this special class of legislation. *Id.; accord, Chauvin,* 937 F.Supp. at 569–70 (finding no

Fourteenth Amendment basis for claim for overtime wages under FLSA).

For the reasons discussed in *Wilson–Jones,* the court holds that the FLSA was not passed pursuant to Section 5 of the Fourteenth Amendment. Therefore, applying *Seminole* to this case, the Court concludes that Congress does not have the authority under the FLSA to abrogate the state's Eleventh Amendment immunity.

Plaintiffs' brief contains a discussion of a state's immunity from a federal court action seeking injunctive relief under the FLSA pursuant to *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Because Plaintiffs seek no injunctive relief in this case, the Court does not address this issue.

■ The Court notes the Plaintiffs may still sue in state court under the FLSA, and a state court would be obligated by the Supremacy Clause to enforce federal law. *See Wilson–Jones,* 99 F.3d at 210–11.

## II. CONCLUSION

Because the FLSA was passed pursuant to the Interstate Commerce Clause, and because Congress does not have authority under the Interstate Commerce Clause to abrogate a state's Eleventh Amendment immunity, the Court finds it lacks subject matter jurisdiction over this case, where the state has not waived its Eleventh Amendment rights.

IT IS ORDERED that this case is dismissed without prejudice. The Clerk shall enter judgment accordingly.