Scott BERGEMANN; Michael Fougere; Kevin Garlic; Richard Jackson; James O'Hearn; Jean–Paul Forcier; Daniel White; Edward Cabral; Thomas Abbott; Kurt Blanchard; Maurice Caouette; Donald Andrews; Myron Maria; Mark Saunders; Michael Dipietro; Clifford Gardner; Howard Leonard; Frank Papa; Jeffery Belmonte; David Clegg; Peter Wood; Francis Floor; Dean Lees; Anthony Rosa; Anne Holst; Albert

Mowry; Theodore Stevens; Peter Bissell; Raymond Lamont; John Gingerella; Frances Ethier; Joseph Poccia; Wilfred Bourdon; Wendy Knowlton; Michael Longtin; and Michael Morrissey

v.

STATE OF RHODE ISLAND; Nancy Mayer, General Treasurer; and Department of Environmental Management.

CA 95–579ML.

United States District Court,
D. Rhode Island.

March 5, 1997.

Ira L. Schreiber, Stephen M. Isherwood, Cranston, RI, for Plaintiffs.

Alan M. Shoer, Special Assistant Attorney General, Providence, RI, for Defendants.

## MEMORANDUM AND ORDER

LISI, District Judge.

This matter is before the court pursuant to the plaintiffs' timely objection to a Report and Recommendation issued by United States Magistrate Judge Robert W. Lovegreen on October 11, 1996. The defendants argued that this court lacked jurisdiction to decide plaintiffs' Fair Labor Standards Act ("FLSA") claims. Magistrate Judge Lovegreen, properly treating the defendants' motion as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, agreed. For the reasons set forth below, this court accepts the Report and Recommendation.

### Discussion

At the outset, it is incumbent upon this court to determine the correct standard of its review. A district court shall conduct a plenary review of those portions of a report and recommendation addressing dispositive pretrial matters to which specific written objection has been made. *See* Fed.R.Civ.P. 72(b). This court proceeds accordingly.

Generally, the Eleventh Amendment immunizes states from suit by all persons in federal court. *See Port Auth. Trans–Hudson Corp. v. Feeney,* 495 U.S. 299, 304, 110 S.Ct. 1868, 1872, 109 L.Ed.2d 264 (1990). As with any rule of general application, however, there exist a number of exceptions. Most relevant to this case is the precept that, under certain circumstances, Congress can abrogate the immunity conferred upon the states by the Eleventh Amendment. *See id.*

In order to accomplish this goal, Congress must: (1) unequivocally express its intent to abrogate the immunity; and, (2) do so in the context of a valid exercise of its power. *See Seminole Tribe of Florida v. Florida,* —— U.S. ——, ——, 116 S.Ct. 1114, 1123, 134 L.Ed.2d 252 (1996). In *Seminole Tribe,* the Supreme Court charted a new course in Eleventh Amendment jurisprudence, holding that Congress cannot use its Article I powers to accomplish this goal. *See id.* at —— ——, 116 S.Ct. at 1131–32.

The dictates of the *Seminole Tribe* decision are squarely at issue in this case. The FLSA contains an unmistakably clear statement of Congressional intent to abrogate the Eleventh Amendment immunity. *See* 29 U.S.C. § 216(b) (providing that a FLSA recovery action can be maintained against an employer in any Federal or State court of competent jurisdiction). It is equally clear, however, that Congress sought to exercise this power pursuant to its authority to regulate interstate commerce, as provided in Article I. *See* 29 U.S.C. § 202(b).

The question that confronts this court, then, is whether the prohibition announced in *Seminole Tribe* should extend to any attempts by Congress to abrogate the states' Eleventh Amendment immunity through the exercise of its authority to regulate interstate

commerce. The plaintiffs argue against such an interpretation. They contend that the holding in *Seminole Tribe* applies only to Congressional attempts to abrogate the Eleventh Amendment via the Indian Commerce Clause.

The plaintiffs' narrow interpretation is contrary, however, to both the language used by the Court in *Seminole Tribe,* as well as the uniform interpretations offered by the numerous courts that have addressed the impact of that case. Indeed, both support Magistrate Judge Lovegreen's conclusion that Congress cannot abrogate the Eleventh Amendment through the exercise of its commerce clause powers as it attempted to do in the FLSA. *See, e.g., Wilson–Jones v. Caviness,* 99 F.3d 203 (6th Cir.1996), *modified,* 107 F.3d 358 (1997), *Taylor v. Virginia,* 951 F.Supp. 591 (E.D.Va.1996); *Rehberg v. Department of Public Safety,* 946 F.Supp. 741 (S.D.Iowa 1996); *Chauvin v. Louisiana,* 937 F.Supp. 567 (E.D.La.1996); *Mills v. Maine,* Civ. No. 92–410–P–H, 1996 WL 400510 (D.Me.1996); *Adams v. Kansas,* 934 F.Supp. 371 (D.Kan.1996); *Raper v. Iowa,* 940 F.Supp. 1421 (S.D.Iowa 1996).

In *Wilson–Jones,* the Sixth Circuit wrestled with the precise issue presented here. There, the court held that, after *Seminole Tribe,* the "power of Congress to abrogate by express statement a state's Eleventh Amendment immunity is no longer unlimited." *Wilson–Jones v. Caviness,* 99 F.3d at 207. It noted that "[t]he regulation of interstate commerce alone cannot justify a waiver, because Congress's power to regulate interstate commerce, which is part of Congress's Article I powers, is limited...." *Id.* As such, the court concluded that "[i]n light of [*Seminole Tribe* ], ... the part of the FLSA that purports to give federal courts jurisdiction over an action against a state for violation of the FLSA's minimum wage and maximum hour provisions is unconstitutional and, therefore, the district court was without jurisdiction over the plaintiffs' case." *Id.* at 206; *but see Timmer v. Michigan Dep't of Commerce,* 104 F.3d 833 (6th Cir.1997) (abrogation provision of Equal Pay Act derivative of § 5 of the Fourteenth Amendment and

therefore a valid exercise of Congressional power).

For the foregoing reasons, this court accepts Magistrate Judge Lovegreen's recommendations with respect to the lack of subject matter jurisdiction of this court. As such, this court cannot proceed to address the myriad substantive claims raised by the plaintiffs in their objection to the Report and Recommendation. It is "hornbook law" that a court cannot act in the absence of subject matter jurisdiction, no matter how persuasive the argument or compelling the cause. *United States v. Horn,* 29 F.3d 754, 767 (1st Cir.1994).

### Conclusion

This court adopts the findings, conclusions, and recommendations contained in the Report and Recommendation issued by Magistrate Judge Lovegreen on October 11, 1996. The above-titled action is therefore dismissed without prejudice.

SO ORDERED.

### *REPORT AND RECOMMENDATION*

LOVEGREEN, United States Magistrate Judge.

Plaintiffs bring this action pursuant to the Fair Labor Standards Act (the "FLSA" or the "Act"), 29 U.S.C. §§ 201 to 219, for defendants' alleged failure to satisfy certain overtime and wage provisions contained in a collective bargaining agreement. Plaintiffs are a group of similarly situated current and former state Environmental Management workers employed by defendants (the "state" or "Rhode Island"). Plaintiffs invoke the subject matter jurisdiction of this Court on the basis of the federal question regarding certain FLSA violations for which plaintiffs seek damages and disgorgement of unpaid earnings. In addition to pendent state law claims for breach of contract, unjust enrichment, violation of due process, and breach of prior judgment, the complaint asserts a due process violation under the United States Constitution; each of the non-FLSA claims seeks damages.

Pending before me is Rhode Island's motion which, in form, seeks summary judg-

ment, but in substance, argues that this Court lacks jurisdiction over the subject matter of this dispute. Rhode Island's argument for dismissal is based upon the state's Eleventh Amendment immunity from suit in federal court. At the core, Rhode Island contends that, in light of the Supreme Court's recent decision in *Seminole Tribe of Florida v. Florida*, —— U.S. ——, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), Congress did not act pursuant to a valid source of constitutional authority when it sought to abrogate the state's Eleventh Amendment immunity under the FLSA. Plaintiffs, however, urge a narrower reading of *Seminole Tribe.* I will treat Rhode Island's motion as one to dismiss.[1]

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); Local Rule of Court 32(c). A hearing was held on September 24, 1996. After listening to the arguments of counsel and examining the memoranda submitted, I recommend that defendants' motion be granted without prejudice to the plaintiffs from pursuing their claims in an appropriate forum.

In reviewing a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), the inquiry of the Court is whether or not the challenged pleading sets forth allegations sufficient to demonstrate that the Court has subject matter jurisdiction in the case. In making this determination, the pleadings are to be taken as true and construed in a light most favorable to the non-movant. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Should the pleader allege facts from which jurisdiction may be inferred, the motion must be denied. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375 (10th Cir.1978), *cert. denied,* 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979). If there are genuine issues of material fact at issue, a decision must be made on the factual questions before the motion is decided. *Commodities Export Co. v. United States Customs Serv.,* 888 F.2d 431, 436 (6th Cir.1989). However, if "the facts are rela-

tively simple [and] substantially uncontroverted," as in the instant case, the court may rule on a 12(b)(1) motion without pausing to make findings on disputed questions of fact. *Id.,* at 436–37.

### *Eleventh Amendment Immunity.*

The defendant State of Rhode Island asserts its sovereign immunity from this suit pursuant to the Eleventh Amendment to the United States Constitution. The amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

On its face, the provision appears to immunize absolutely a defendant state from claims brought in federal court by a citizen from another state; however, the Supreme Court has "understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition ... which it confirms." *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1122 (quoting *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 2581, 115 L.Ed.2d 686 (1991)). For example, Eleventh Amendment immunity extends to bar suits brought against a state by *its own* citizens, even though the amendment speaks only of diverse citizens. *Hans v. Louisiana,* 134 U.S. 1, 5–6, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The *Hans* Court understood the Eleventh Amendment to be premised upon the notion that, consistent with the sovereign nature of the states in the federal system, a state is "not to be amenable to the suit of an individual without its consent." *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1122 (quoting *Hans,* 134 U.S. at 13, 10 S.Ct. at 506) (emphasis deleted).

Nevertheless, three doctrinal exceptions operate to remove a state's Eleventh Amendment immunity from suit. The first occurs where Congress properly abrogates the immunity. *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1123. The second arises where a defendant state explicitly waives its immuni-

---

1. "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

ty by consenting to be sued in federal court. *Id.,* at ——, 116 S.Ct. at 1122. The third and narrowest exception exists where a suit is limited to prospective injunctive relief against a state official to enjoin a continuing violation of federal law. *Id.,* at ——, 116 S.Ct. at 1132; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Rhode Island correctly argues that, as of March 27, 1996—the date on which the Supreme Court decided *Seminole Tribe*—none of these three doctrines operate to remove Rhode Island's Eleventh Amendment immunity from the instant lawsuit.

### A. The Abrogation Doctrine.

Rhode Island argues that Congress' creation of the instant FLSA cause of action [2] did not abrogate its Eleventh Amendment immunity. Rhode Island argues that Congress enacted such provision pursuant to the Interstate Commerce Clause, U.S. Const. art. I, § 8, cl. 3—a source which the United States Supreme Court recently held constitutionally invalid for the purpose of abrogating Eleventh Amendment immunity.

In order to overcome the states' sovereign immunity from federal suit Congress must "unequivocally express[ ] its intent to abrogate the immunity" and, in doing so, act "pursuant to a valid exercise of power." *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1123 (quoting *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985)). Until *Seminole Tribe,* the Supreme Court recognized two valid sources from which Congress drew sufficient constitutional authority to abrogate the states' Eleventh Amendment immunity—the Fourteenth Amendment and the Interstate Commerce Clause. In *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Court held that the Fourteenth Amendment's prohibitions upon the states in section 1, coupled with the enabling clause in section 5, conferred sufficient authority upon Con-

gress to abrogate pursuant to that amendment. *Id.,* at 453, 96 S.Ct. at 2670. In *Pennsylvania v. Union Gas Co.,* 491 U.S. 1, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989), a plurality of the Court found that the Interstate Commerce Clause conferred upon Congress the power to abrogate because the power to regulate interstate commerce would be "incomplete without the authority to render the states liable in damages." *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1125 (quoting *Union Gas,* 491 U.S. at 19–20, 109 S.Ct. at 2284).

In *Seminole Tribe,* the State of Florida challenged Congress' authority under the Indian Commerce Clause to extend a federal cause of action against a state for its failure to negotiate in good faith with an Indian tribe as to the establishment of a gaming compact. *See* Indian Gaming Regulatory Act, 25 U.S.C. § 2710(d)(7). The Supreme Court held the Indian Commerce Clause an invalid source from which to abrogate the states' sovereign immunity. In doing so, the Court rejected the notion that congressional power to abrogate exists by virtue of the fact that the cause of action authorized against the states is in an area of exclusive federal control, such as the regulation of Indian commerce. —— U.S. at ——, 116 S.Ct. at 1131.

■ By expressly overruling *Union Gas,* however, the Supreme Court set forth a broader rule. A majority of the Court concluded that the legislative powers of Article I cannot supersede the Eleventh Amendment limitation placed upon Article III jurisdiction.

Even when the Constitution vests in Congress complete law-making authority over a particular area, the Eleventh Amendment prevents congressional authorization of suits by private parties against unconsenting States. The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to cir-

---

**2.** 29 U.S.C. § 216(b), authorizing actions for damages under the FLSA, provides that actions "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction...."

29 U.S.C. § 217, authorizing injunction proceedings, provides:

"The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 15 [29 U.S.C. § 215], including in the case of violations of section 15(a)(2) [29 U.S.C. § 215(a)(2) ] the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this Chapter...."

cumvent the constitutional limitations placed upon federal jurisdiction.

—— U.S. at ——–——, 116 S.Ct. at 1131–32 (footnote omitted). Therefore, federal legislation enacted pursuant to the Interstate Commerce Clause, an Article I power, cannot abrogate the states' Eleventh Amendment immunity. *See id.*, at ——–——, 116 S.Ct. at 1130–32; *accord Close v. New York*, No. 94–CV–0906, 1996 WL 481550, at *3 (N.D.N.Y. Aug. 19, 1996); *Blow v. Kansas*, 929 F.Supp. 1400, 1401–02 (D.Kan.1996); *Moad v. Arkansas State Police Dep't*, No. LR–C–94–450, 1996 WL 819805 (E.D.Ark. May 14, 1996).

■ Applying *Seminole Tribe* to the present case, it is clear that the FLSA, enacted pursuant to Congress' power to regulate commerce, does not abrogate Rhode Island's Eleventh Amendment protection. Under the first prong of the abrogation test, there is no question that Congress explicitly intended to abrogate the states' Eleventh Amendment immunity when, in 1974, it amended section 16(b) of the FLSA to create a cause of action against "any employer (including a public agency) in any Federal or State court of competent jurisdiction...." 29 U.S.C. § 216(b). According to the Act, a "public agency" includes "the government of a State or political subdivision thereof; any agency of ... a State, or a political subdivision of a State...." 29 U.S.C. § 203(x).

Abrogation also requires that Congress act "pursuant to a valid exercise of power." *Seminole Tribe*, —— U.S. at ——, 116 S.Ct. at 1123. Congress enacted the FLSA pursuant to its Article I authority to regulate interstate commerce. 29 U.S.C. § 202(b) ("It is hereby declared to be the policy of this Chapter [ ], through the exercise by Congress of its power to regulate commerce among the several States...."); *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S.

528, 554–57, 105 S.Ct. 1005, 1019–21, 83 L.Ed.2d 1016 (1985). However, *Seminole Tribe* held invalid Congress' use of its Article I powers to abrogate the states' Eleventh Amendment immunity. Therefore, in the absence of consent, I find that this Court is without jurisdiction to hear Plaintiffs' FLSA claim against the State of Rhode Island or its agencies. *Accord Chauvin v. Louisiana*, 937 F.Supp. 567 (E.D.La.1996); *Close v. New York*, No. 94–CV–0906, 1996 WL 481550 (N.D.N.Y. Aug. 19, 1996); *Powell v. Florida*, No. 95–6233–CIV–ZLOCH (S.D.Fla. Aug. 6, 1996); *Ross v. Middle Tennessee State Univ.*, No. 3–95–1203, 1996 WL 888185 (M.D.Tenn. July 17, 1996); *Mills v. Maine*, Civil No. 92–410–P–H, 1996 WL 400510 (D.Me. July 3, 1996); Brief for the United States Department of Labor, *Taylor v. Virginia Dep't of Transp.*, Civil Action No. 3:95 CV 1026 (E.D.Va. June 27, 1996); *Goebel v. Colorado*, Civil Action No. 93–K–1227 (D.Co. June 25, 1996); *Blow v. Kansas*, 929 F.Supp. 1400 (D.Kan.1996); *Raper v. Iowa*, 940 F.Supp. 1421 (S.D.Iowa June 21, 1996); *Stuhr v. Oregon*, Civil No. 95–6118–TC, 1996 WL 88817 (D.Or. June 14, 1996); *Moad v. Arkansas State Police Dep't*, No. LR–C–94–450, 1996 WL 819805 (E.D.Ark. May 14, 1996).

Plaintiffs assert that *Seminole Tribe* does not affect federal legislation passed pursuant to the Interstate Commerce Clause because that case is an "Indian Commerce Clause case." [3] Such a position is squarely contradicted by the Supreme Court's basis for overruling *Union Gas:* "The Eleventh Amendment restricts the judicial power under Article III, and *Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."* —— U.S. at ——–——, 116 S.Ct. at 1131–32 (emphasis added). As a direct corollary to this rule, since the Interstate Commerce Clause is an

---

**3.** Plaintiffs cite *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, n. 1 (9th Cir.1996) and *United States v. Lomayaoma*, 86 F.3d 142, 145–46 (9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 272, 136 L.Ed.2d 196 (1996), in support of their argument. However, as neither case remotely discusses the impact of *Seminole Tribe* upon legislation passed pursuant to the Interstate Commerce Clause, they are not apposite. Recently, however, when the Ninth Circuit Court of Appeals did address the issue, it noted, albeit in dicta: "[T]he Court held in *Seminole Tribe* that the Indian Commerce Clause, which for these purposes is indistinguishable from the Interstate Commerce Clause, does not authorize Congress to abrogate a state's immunity to suit without its consent." *Natural Resources Defense Council v. California Dept. of Trans.*, 96 F.3d 420, 423 (9th Cir.1996).

Article I power, it can no longer be used to circumvent the states' Eleventh Amendment immunity. Thus, in overruling *Union Gas,* it is more appropriate to characterize *Seminole Tribe* as an "Article I case."

Plaintiffs also insist that *Garcia* controls here. The question answered by *Garcia* was whether Congress had the authority, pursuant to the Commerce Clause, to subject state and local governments to the FLSA or whether such authority was reserved to the states under the Tenth Amendment. 469 U.S. 528, 105 S.Ct. 1005. The Supreme Court held that the Tenth Amendment did not restrict Congress' power in this arena, and therefore did not immunize the states from compelled compliance with the FLSA. *Id.,* at 555–57, 105 S.Ct. at 1019–21. Howeverer, the *Garcia* decision did not discuss the Eleventh Amendment and is therefore inapplicable.[4] Moreover, the force of *Garcia* has been dampened in the wake of the *Seminole Tribe* decision. While the former holds that Congress has the power to impose the FLSA upon the states, the latter denies Congress the power to create an avenue of enforcement in the federal courts. As one federal magistrate judge recently commented: "[I]t is surely a hollow exercise of authority over the States if Congress has the power to enact, but not the power to enforce its enactments in a federal forum." *Stuhr v. Oregon,* Civil No. 95–6118–TC, at 2 (D.Or. June 14, 1996) (dismissing FLSA claim under the Eleventh Amendment for lack of subject matter jurisdiction).

Clearly, *Seminole Tribe* has removed this Court's authority to hear a cause of action invoking federal jurisdiction pursuant to violations of the Fair Labor Standards Act.

## B. The Waiver Doctrine.

States can waive their Eleventh Amendment immunity through an unequivocal and explicit consent to suit in federal court. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 3145 n. 1, 87

L.Ed.2d 171 (1985); *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360–61, 39 L.Ed.2d 662 (1974). Although Rhode Island's Tort Claims Act, R.I.Gen.Laws § 9–31–1,[5] does not explicitly refer to federal courts, the Rhode Island Supreme Court nevertheless found sufficient legislative intent to waive Eleventh Amendment immunity from tort liability. *Della Grotta v. Rhode Island,* 781 F.2d 343, 346–46 (1st Cir.1986); *Laird v. Chrysler Corp.,* 460 A.2d 425 (R.I. 1983).

However, waiver under § 9–31–1 is limited to those actions which are "traditionally tortious." *Allendale Leasing, Inc. v. Stone,* 614 F.Supp. 1440, 1451 (D.R.I.1985), *judgment aff'd* 788 F.2d 830 (1st Cir.1986). For example, Rhode Island has not waived its Eleventh Amendment immunity from suits involving traditional governmental activities. *Kenyon v. Sullivan,* 761 F.Supp. 951, 958 (D.R.I.1991) (holding that the state's provision of welfare benefits is a traditional governmental responsibility). Neither has Rhode Island relinquished its Eleventh Amendment protection from liability for "the discretionary administrative acts and omissions of the state's departments, commissions, boards, or the officials thereof, acting in their representative capacities." *Healey v. Bendick,* 628 F.Supp. 681, 694–96 (D.R.I. 1986) (holding director of Department of Environmental Management and members of the Marine Fishery Council immune to challenge to state shell fishing regulations). Nor has Rhode Island abandoned its immunity from federal suits based upon violations of the Administrative Procedures Act, R.I.Gen. Laws §§ 42–35–1 to –18. *New England Multi–Unit Hous. Laundry Ass'n v. Rhode Island Hous. and Mortg. Fin. Corp.,* 893 F.Supp. 1180, 1188–89 n. 11 (D.R.I.1995). In contrast, § 9–31–1 does waive Rhode Island's Eleventh Amendment immunity from actions which essentially sound in tort. *See e.g.,*

---

4. Indeed, the *Garcia* Court limited its decision to Tenth Amendment grounds when it concluded by noting: "These cases do not require us to identify or define what affirmative limits the constitutional structure might impose on federal action affecting the States under the Commerce Clause." 469 U.S. at 556, 105 S.Ct. at 1020.

5. The statute reads, in pertinent part: "The state of Rhode Island ... shall ... hereby be liable in all actions of tort in the same manner as a private individual or corporation; ...."

*Tang v. State of R.I. Dept. of Elderly Affairs,* 904 F.Supp. 55, 63 (D.R.I.1995) (finding waiver of immunity from 42 U.S.C. § 1981 action because that is "in essence, a tort action"); *Pride Chrysler Plymouth v. R.I. Motor Vehicle Dealers' License Comm'n,* 721 F.Supp. 17, 22 (D.R.I.1989) (similar finding of waiver for 42 U.S.C. § 1983 action).

█ The claims in the case at bar all stem from allegations that the State of Rhode Island, its environmental agency, and its General Treasurer acting in her official capacity failed to perform according to certain wage and hour provisions in a collective bargaining agreement between the state and the employees' labor union. The contractual relationship between Rhode Island and its employees touches upon a traditional governmental activity. Complaints as to the breach of the terms and conditions of public employment, a uniquely governmental activity, is not an action sounding in tort because "[a] private person could neither commit, nor be sued in an action *ex delicto* for [this] type and kind of activit[y]." *Healey,* 628 F.Supp. at 694–95; *see Allendale Leasing,* 614 F.Supp. at 1451. While many conditions and circumstances surrounding public employment may often give rise to "traditionally tortious" causes of actions—e.g., sexual harassment and discrimination, age or race discrimination, negligence, wrongful discharge—breach of a collective bargaining agreement is simply not one of them. Plaintiffs' attempt to parlay their claims into "torts" fails. Therefore, I find that Rhode Island's Tort Claims Act, § 9–31–1, does not act as a waiver of the state's Eleventh Amendment immunity from the case at bar.

### C. The *Ex parte Young* Doctrine.

█ Under the *Ex parte Young* doctrine, individuals may bring federal suit against a state officer for prospective injunctive relief in order to "end a continuing violation of federal law." *Seminole Tribe,* —— U.S. at ——, 116 S.Ct. at 1132 (quoting *Green v. Mansour,* 474 U.S. at 68, 106 S.Ct. at 426). Inasmuch as Plaintiffs seek damages or a retroactive order to restrain Rhode Island's withholding of back wages, *Ex parte Young* is inapplicable.

█ As to Plaintiffs' claim for injunctive relief against Rhode Island's General Treasurer for prospective violations of the FLSA, the right to bring such an action is vested exclusively in the United States Secretary of Labor. *See* 29 U.S.C. §§ 211(a), 217; *Keenan v. Allan,* 889 F.Supp. 1320, 1382 (E.D.Wash.1995) (holding that individuals cannot sue for injunctive relief under the FLSA), *aff'd on other grounds* 91 F.3d 1275 (9th Cir.1996); *Marchak v. Observer Publications, Inc.,* 493 F.Supp. 278, 280–81 (D.R.I. 1980). Moreover, where Congress has provided an intricate remedial scheme to enforce statutory rights, as it appears to have done in the FLSA, courts need not supplement such a scheme with judicial remedies in an action against a state official based upon *Ex parte Young.* *Seminole Tribe,* —— U.S. at —— – ——, 116 S.Ct. at 1132–33 (citing *Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 2467–68, 101 L.Ed.2d 370 (1988)). The *Ex parte Young* doctrine, therefore, is inapplicable to Plaintiff's suit against Rhode Island, its Department of Environmental Management, or its General Treasurer.

In sum, none of the doctrinal exceptions to the Eleventh Amendment apply to remove Rhode Island's sovereign immunity from the instant suit. First, the rule in *Seminole Tribe* holds that the states' Eleventh Amendment immunity cannot be abrogated by legislation enacted pursuant to Article I. Therefore, the FLSA, enacted pursuant to Congress' Article I power to regulate interstate commerce, cannot be enforced against an unconsenting state in federal court. Second, Rhode Island has not consented to such suit. The state's waiver of immunity to tort liability under § 9–31–1 does not extend to what is essentially a contract dispute with the sovereign in its role as public employer. Third, the doctrine of *Ex parte Young,* applicable only to claims for prospective injunctive relief against the General Treasurer, does not require courts to supplement the FLSA's remedial scheme which, in any case, vests the Secretary of Labor with sole authority to sue for injunctive relief. Therefore, absent abrogation, waiver, and circumstances giving rise to an application of *Ex parte Young,* I find that the Eleventh

Amendment bars this Court from asserting subject matter jurisdiction over the instant suit.

### Conclusion.

For the reasons stated, I recommend that defendants' motion be granted and this case dismissed, without prejudice, for lack of subject matter jurisdiction.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Local Rule of Court 32; Fed. R.Civ.P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court. *United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir.1980).