## CIRCUIT COURT OF THE CITY OF RICHMOND

Douglas W. Luzik, etc.

v.

Commonwealth of Virginia et al.

March 11, 1993

Case No. (Chancery) HC-1303–3

BY JUDGE T. J. MARKOW

The parties came before the court on March 3, 1993, on a motion to dismiss. The court heard the arguments of counsel and took the matter under advisement. Upon further consideration of the parties' submissions, the court finds that sovereign immunity does not apply in this case where state employees seek to sue the Commonwealth under the federal Fair Labor Standards Act (FLSA).

The FLSA includes within its definition of employer a "public agency," 29 U.S.C.A. § 203(d) (West 1978); it includes within its definition of a public agency "the government of a State or political subdivision thereof," and "any agency of . . . a State, or a political subdivision of a State." 29 U.S.C.A. § 203(x) (West 1978). Therefore, the complainants and respondents in this action are employers and employees within the meaning of the FLSA. Furthermore, the FLSA specifically provides for a cause of action to recover liability by "any one or more employees" against "any employer (including a public agency)." 29 U.S.C.A. § 216(b) (West Supp. 1992).

The Commerce Clause of the United States Constitution allows Congress to regulate commerce among the states; indeed, it is pursuant to the Commerce Clause that the FLSA's wage and hour provisions may be applied to state employees. *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985). The FLSA specifically addresses "labor conditions among the workers of the several states." 29 U.S.C.A. § 202 (West 1978). The goal of the FLSA is to eliminate poor

labor conditions to some degree of uniformity across the country, hopefully protecting a "minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* § 202 (a).

Deciding whether states may be sued in their own courts to enforce the FLSA's provisions does not implicate the Eleventh Amendment, which only applies to suits in federal courts. Thus, the sovereign immunity at issue is that which may exist under the law of the state where suit is brought. Virginia still utilizes the doctrine of sovereign immunity, but some other states do not. To hold that states such as Virginia can not be sued in their own courts to enforce the FLSA, and that others can, depending only upon the status of sovereign immunity in the particular state, would allow state law to determine the applicability of federal law. It would also result in unequal application among the states, contrary to the purpose of the FLSA in the first place. Therefore, Virginia's doctrine of sovereign immunity will not bar this suit to enforce the provisions of the FLSA.