40

## CIRCUIT COURT OF THE CITY OF RICHMOND

Donna Turnbull,
Widow, etc.

v.

Commonwealth of Virginia et al.

June 12, 1998

Case No. LC-1479-4

BY JUDGE RANDALL G. JOHNSON

Donna Turnbull filed this action alleging a violation of the federal Fair Labor Standards Act, 29 U.S.C. § 200 *et seq.* (FLSA), and a breach of the policy of the Commonwealth of Virginia with regard to overtime pay she alleges was owed to her husband, Knox Turnbull, Jr., at the time of his death. Named as defendants are the Commonwealth of Virginia, the Comptroller of Virginia, and three individuals plaintiff claims to have been her husband's supervisors. The case is presently before the court on defendants' demurrer, plea of sovereign immunity, motion to dismiss or, in the alternative, motion for summary judgment.

Only a brief factual statement is necessary. Before his death in January, 1997, Knox Turnbull, Jr., was a game warden with the Commonwealth of Virginia's Department of Game and Inland Fisheries. He worked in Region I, which was under the command of Captain Roger Rowe, one of the individual defendants, and was at various times under the immediate supervision of Lieutenant Keith Harver and Lieutenant Ken Conger, the other two individual defendants. It is plaintiff's claim that each of the individual defendants routinely assigned tasks and duties to Turnbull that required Turnbull to work overtime, that each of the individual defendants acquiesced in and condoned such actions by others, that Turnbull was not compensated for the overtime

that he worked, and that each of the individual defendants knew or should have known that Turnbull was not given overtime compensation. Plaintiff seeks relief both under the Fair Labor Standards Act and breach of contract.

Defendants' demurrer and other pleas raise several issues. With regard to plaintiff's claim under the FLSA, defendants assert that the claim is barred by sovereign immunity. In addition, defendants argue that the Comptroller of Virginia and the three individual defendants are not proper parties under the FLSA. Defendants further argue that the case cannot go forward because Turnbull never filed a consent with the court authorizing suit under the FLSA, something defendants claim is required by 29 U.S.C. § 216(b).

With regard to plaintiff's breach of contract claim, defendants state that such claim is also barred by sovereign immunity because plaintiff failed to comply with certain statutory prerequisites for filing suit against the state, that the relief sought against the defendants is not recoverable in contract, that defendant Conger cannot be liable because he never supervised Turnbull during the period identified in the motion for judgment, and that to the extent plaintiff's contract claim is based on the FLSA, it is barred for the same reasons plaintiff's cause of action under the FLSA is barred. Each of defendants' arguments will be considered in turn.

Defendants also filed a plea of the statute of limitations in which defendants state that any compensation alleged to be owing for a period more than three years before suit was filed is barred. The plea was not argued in the parties' memoranda or at oral argument, however, and will not be ruled on at this time.

## I. *Fair Labor Standards Act*

### 1. *Sovereign Immunity*

The Fair Labor Standards Act, as enacted by Congress, expressly allows state employees to sue in federal or state court. 29 U.S.C. § 216(b) provides, in part:

> An action to recover [damages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 203(x) defines "public agency" as:

the Government of the United States; the government of a State or a political subdivision thereof; any agency of the United States (including the Postal Service and Postal Rate Commission), a State, or a political subdivision of a State; or any interstate governmental agency.

In spite of this clear language, defendants argue that such claims cannot be brought in state court because of the states' sovereign immunity. In fact, there is much support for that argument.

As defendants correctly point out, "the doctrine of sovereign immunity is 'alive and well' in Virginia." *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657 (1984). Moreover, courts in at least six states agree with defendants' position. In *Bunch v. Robinson*, Case No. 97006017/CE221886 (Circuit Court for Baltimore City, Md., September 11, 1997) (Slip Opinion at 9), the court held:

The Commerce Clause fails to give Congress the authority to abrogate Maryland's common-law sovereign immunity doctrine. Further, having neither waived its sovereign immunity or consented to be sued in its own court, the State of Maryland is immune from an FLSA claim seeking the payment of overtime compensation.

The same ruling has been made by state courts in Maine (*Alden v. Maine*, No. CV-96-751 (Maine Super. Ct., July 21, 1997)); Wisconsin (*German v. Wisconsin Dep't of Trans.*, Case No. 96-CV-1261 (Wis. Cir. Ct., Mar. 8, 1997)); New Mexico (*Whittington v. State of New Mexico Dept. of Public Safety*, No. CV-96-33906, (N.M. Dist. Ct., Nov. 5, 1997)); Ohio (*Mossman v. Donahey*, 346 N.E.2d 305 (1976)); and Texas (*Lyons v. Texas A. & M. Univ.*, 545 S.W.2d 56, 58 (Tex. Ct. App. 1976), *reh'g denied* (1977)).

On the other hand, this court and at least two other state courts have held that sovereign immunity does not bar FLSA suits by state employees in state court. *Luzik v. Commonwealth*, 30 Va. Cir. 281 (1993) (Judge Markow); *Griffin v. Commonwealth*, Case No. LB-2505-1 (Cir. Ct. City of Richmond 1998) (Judge Hughes); *Jacoby v. Arkansas Dept. of Education* (Sup. Ct. Ark., No. 97-310, 1998 WL 65997 (Feb. 19, 1998); *Raper v. State of Iowa*, Case No. 68919 (Cir. Ct., Oct. 23, 1997).

On the federal level, in *Wilson-Jones v. Caviness*, 99 F.3d 203 (6th Cir. 1996), *modified on other grounds*, 107 F.3d 358 (6th Cir. 1997), the court said:

[S]tate employees may sue in state court for money damages under the FLSA, and a state court would be obligated by the Supremacy Clause to enforce federal law.

99 F.3d 211.

Similarly, after holding that state employees may not sue states in federal court because of the Eleventh Amendment to the United States Constitution, the court in *Aaron v. State of Kansas*, 115 F.3d 813 (10th Cir. 1997), said:

Moreover, our holding today does not permit states to avoid their legal duty to comply with the wage and overtime provisions of the FLSA, nor does our holding deny recourse for a state employee denied his or her FLSA rights .... [T]he employee can sue in state court for money damages under the FLSA as a state court of general jurisdiction is obligated by the Supremacy Clause to enforce federal law.

115 F.3d at 817. *See also, Rehberg v. Department of Public Safety*, 946 F. Supp. 741, 743 (S.D. Iowa 1996).

The Supreme Court of the United States has also addressed the issue of sovereign immunity and the FLSA, although not in a way that conclusively answers the question now before this court. In *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S. Ct. 1005, 83 L. Ed. 2d 1016 (1985), the Court was faced with a challenge to the FLSA's coverage of mass transit authority workers. After a lengthy and detailed discussion of the history and evolution of sovereign immunity in general and its impact on the FLSA's coverage of public employees in particular, the Court held that Congress did have the constitutional power under the Commerce Clause, Article I, § 8, to include employees of a public mass transit authority, referred to as SAMTA, within FLSA's coverage:

[W]e perceive nothing in the overtime and minimum-wage requirements of the FLSA, as applied to SAMTA, that is destructive of state sovereignty or violative of any constitutional provision. SAMTA faces nothing more than the same minimum-wage and overtime obligations that hundreds of thousands of other employers, public as well as private, have to meet.

469 U.S. at 554.

While *Garcia* involved the limited issue of whether Congress' inclusion of mass transit workers within the ambit of the FLSA was constitutional, and not the broader issue of whether those workers could sue in state court, the above language is instructive. If requiring public employers to comply with the FLSA's overtime provisions is not "destructive of state sovereignty or violative of any constitutional provision," how can allowing public employees access to state court to enforce compliance with those provisions or to seek damages for noncompliance be destructive of state sovereignty or violative of any constitutional provision? This court concludes that it would not. Instead, it simply means that states "face[] nothing more than the same minimum-wage and overtime obligations that hundreds of thousands of other employers, public as well as private, have to meet," as well as the enforcement and sanctioning mechanisms that go with those obligations. Accordingly, and in spite of the cogent and logical arguments to the contrary, the court holds that plaintiff's suit under the FLSA is not barred by sovereign immunity, and that plea will be overruled.

## 2. *Proper Parties*

Defendants next argue that the Comptroller of Virginia and the three individual defendants are not proper parties under the FLSA. 29 U.S.C. § 203(d) provides:

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee ... .

With respect to the Comptroller, it is obvious from the allegations of the motion for judgment that he was not Turnbull's employer within the meaning of the Act. He will be dismissed.

With respect to the three individual defendants, even the memorandum in support of their demurrer, plea, and motions acknowledges that whether a particular person or entity is an employer "depends on the circumstances." Defendants' Memorandum at 17. Defendants then take 3½ pages to recite "facts" which they claim show that the three individual defendants in this case are not statutory employers under the FLSA. The "facts" recited, however, are not yet proved. They are only defendants' allegations. Until the true facts of the case are developed at trial or through a proper discovery device such as requests for admissions, the court cannot decide whether any of the individual defendants is a proper party under the FLSA. Defendants' demurrer, motion

to dismiss, and motion for summary judgment on this issue are overruled and denied.

### 3. *Consent*

Defendants' final argument with respect to plaintiff's claim under the FLSA is that the action cannot proceed because Turnbull never consented in writing to being a plaintiff. In making that argument, defendants rely on the following portion of 29 U.S.C. § 216(b), part of which has been discussed earlier:

> An action to recover [damages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party to any such action unless he gives his consent in writing to become such a party ... .

It is defendants' position that since Turnbull never consented in writing to be a plaintiff in this lawsuit, his widow, who is also the personal representative of his estate, cannot proceed with the case. The court disagrees.

Neither party has cited a case in which the consent requirement of the statute was discussed in connection with a suit brought by the personal representative of an employee's estate. The court has also been unable to find one. Instead, all of the cited cases involved "representative" actions; that is, attempts by labor unions to bring suits on behalf of their employees or attempts by one employee to bring suit on his or her own behalf and on behalf of other employees similarly situated. That is not what this plaintiff is doing.

In the case at bar, plaintiff is not bringing suit on behalf of herself *and other employees similarly situated*, or even on behalf of other employees. She is bringing suit on behalf of her *decedent*. Considering the remedial nature of the Act, *see, e.g., Brennan v. Wilson Building, Inc.*, 478 F.2d 1090 (5th Cir. 1973), *cert. denied*, 414 U.S. 855, 94 S. Ct. 156, 38 L. Ed. 2d 105 (1973), and the fact that "[e]very cause of action, whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive ... the death of the person in whose favor the cause of action existed," Va. Code § 8.01-25, the court holds that an action under the FLSA by the personal representative of a deceased employee is not a "representative" action for which a written consent from the employee is needed. Defendants' demurrer and motion to dismiss on that ground are overruled.

## II. *Breach of Contract*

With regard to plaintiff's claim for breach of contract, defendants argue that plaintiff has failed to comply with statutory provisions applicable to contract claims against the Commonwealth. This time, the court agrees.

Virginia Code § 2.1-223.1 provides:

> Any person having any pecuniary claim against the Commonwealth upon any legal ground shall present the same to the head of the department, division, institution or agency of the Commonwealth responsible for the alleged act or omission which, if proved, gives rise to such claim; provided, however, that whenever the claimant cannot identify such alleged act or omission with any single department, division, institution or agency of the Commonwealth, then the claim shall be presented to the Comptroller.

Virginia Code § 8.01-192 provides:

> When the Comptroller or other authorized person shall disallow, either in whole or in part, any such claim against the Commonwealth as is provided for by §§ 2.1-223.1, 2.1-223.3, or 8.01-605, at which time a right of action under this section shall be deemed to accrue, the person presenting such claim may petition an appropriate circuit court for redress.

Here, plaintiff did present her claim to the head of the Department of Game and Inland Fisheries. The claim, however, was never disallowed. In fact, it was not acted on at all. It is plaintiff's argument that by not acting on the claim, the Department, in fact, disallowed it. That simply is not true.

The Code of Virginia contains no time limit for department heads or the Comptroller to act on pecuniary claims filed under § 2.1-223.1. That omission, however, does not give claimants the right to file suit in court when *they* believe a sufficient time has passed without action. Indeed, in this case, plaintiff's claim was filed on May 17, 1997. Suit was filed on June 13, 1997, only twenty-seven days later. Whatever period of time the court might decide is appropriate for such claims to be considered and acted upon by department heads and the Comptroller, if the court were required to make such a decision, the court doubts that it would be less than twenty-seven days. Even that, however, is irrelevant. The fact is that even though there is no time limit set by

statute, the statute still requires that a claim be *disallowed* before suit can be brought. If a claim rests with a department head for what the claimant feels is an unreasonable time, perhaps mandamus could be sought. The statute, however, must be followed. Because the statute was not followed here, defendants' demurrer to plaintiff's contract claim will be sustained. The other grounds relied on by defendants for dismissal of the contract claim need not be addressed.